WILKINSON'S EXECUTORS, appellants,

*v.*

THE TRUSTEES OF THE METHODIST EPISCOPAL CHURCH OF CAMDEN et al., respondents.

1. When there is a testamentary charge upon land by a codicil, the devisee of such land, under the will, may dispute the validity of the codicil, after probate, in a collateral suit.

2. It is not error for the chancellor to refuse a devisee an issue at law to try the validity of a testamentary instrument, if the application is not made before final hearing.

3. The case was properly disposed of on the merits.

On appeal from a decree of the chancellor, whose opinion is reported in *Trustees &c. v. Wilkinson, 9 Stew. Eq. 141.*

*Mr. J. J. Crandall,* for appellants.

*Mr. Jas. E. Hays,* for respondents.

The opinion of the court was delivered by

Beasley, C. J.

The object of these proceedings was to obtain an authoritative construction of a codicil to the will of Mary A. Folwell, deceased, and to procure the execution of its trusts. This testatrix had devised to her husband, in fee, five certain houses in Camden, and by the codicil in question she bequeathed to each of the two churches, the respondents, the sum of $5,000, " to be secured," in the testamentary language, " as by bond and mortgage upon the " said houses &c. The appellants are the executors of the son of the devisee above mentioned, and they call in question the validity of this charge on these lands on the grounds that the codicil was not executed in conformity with the regulations of the statute, and that the testatrix was wanting in mental capacity, and that the instrument was the creature of undue influence and fraud.

It appears from the proofs that this codicil was admitted to probate by the surrogate of the proper county, and the counsel of the respondents insist that such an adjudication is conclusive in this collateral proceeding. But I think this position is not tenable. The title to real estate is in no wise concluded by the authentication of the will to the satisfaction of the surrogate or of the orphans court. The right to the lands of the testator cannot be definitely established by such a mode of adjudication. Such judgments, regarded as finalities, relate to the personalty alone. This is the rule of law on this subject that has immemorially prevailed in this state, it having come to us by descent from our English ancestors. The ground of the practice seems to have been that extravagant overestimate of the importance of an estate in lands, which everywhere presents itself in the system of the common law, a superstition that led to the notion that such an interest was entitled to all the protection which results from a trial by the country. The position, therefore, of the counsel of the appellant is well founded, that his client had the right to have the *factum* of the will opened to contest in this proceeding.

Nevertheless, I think the decree appealed from must be affirmed, inasmuch as, upon the merits, the case is plainly with the respondents. The facts of the case are fully discussed in the opinion of the chancellor, and I agree with the view which he entertained with respect to them. He rightly concludes that the appellant altogether failed in his effort to overthrow the codicil in question.

Nor was there any error in the refusal of the chancellor to grant an issue to try the validity of that instrument. As the application was in behalf of a devisee, and not of an heir, the matter was addressed to the discretion of the court, and inasmuch as such application was not made until the whole of the testimony had been taken, and the case was put on final hearing, and the right was clear upon the merits, it was eminently proper to deny the motion. All the facts are now before this court, and it is plain that the respondent is entitled to a judgment in his favor.

The decree should be affirmed.

*Decree unanimously affirmed.*